IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

METAPHYZIC EL-ECTROMAGNETIC )
SUPREME-EL, )
　　　　　　　　　　　　　　　　　)
　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　)
v. ) Civil Action No. 3:16CV807–HEH
　　　　　　　　　　　　　　　　　)
ROBERT E. PAYNE, )
　　　　　　　　　　　　　　　　　)
　　　　Defendant. )

## MEMORANDUM OPINION
(Dismissing Civil Action)

Metaphyzic El-ectromagnetic Supreme-El, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I.　　PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory" or claims where the "factual contentions are clearly baseless." *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2

*Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS

In his Complaint, which is composed of several documents, Supreme-El has named United States District Judge Robert E. Payne as the sole Defendant. (Compl. 1, ECF No. 1.)[1] Supreme-El contends that Judge Payne has "fail[ed] to rebut the claims of him violating the United States Constitution, laws, and treaties, which he is obligated to enforce by law; as addressed in the attached commercial affidavit." (*Id.*) According to Supreme-El, Judge Payne has committed various federal and state criminal offenses, including conspiring against Supreme-El's rights, perjuring his oath, treason, obstruction of justice, fraud, and "resisting or obstructing execution of legal process." (*Id.* at 7.) Supreme-El also asserts that Judge Payne has violated, *inter alia*, the Rights of

---

[1] The Court utilizes the pagination assigned to Supreme-El's Complaint by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and punctuation in quotations from Supreme-El's Complaint.

3

Indigenous Peoples Treaty, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Treaty of Peace and Friendship of 1787/1836 between Morocco and the United States, and the Free Moorish Zodiac Constitution. (*Id.* at 8–9.) Supreme-El raises the following claims against Judge Payne:

Claim One: "On or about March 3, 2015 [Judge Payne] accepted and adopted U.S. Magistrate Roderick C. Young's false statements as true, which was shown to be false and unlawful by the Complainant Affiant, Metaphyzic El-Ectromagnetic Supreme-El, and caused the continued unlawful detention of the Complainant Affiant, depriving him of rights under color of law by denying due process which entitled [him] to relief by habeas corpus[.] By the Defendant/Respondent, Robert E. Payne accepting and adopting U.S. Magistrate Judge Roderick C. Young's false statements in his Report and Recommendation as true he conspired to deny the Complainant Affiant relief by not granting the writ of habeas corpus as required by law." (*Id.* at 10.)[2]

Claim Two: By U.S. Senior Judge Robert E. Payne not enforcing the U.S. Constitution, laws, and treaties in the matter of the Complainant Affiant he (Respondent) committed treason, perjury of oath, and felony misprision." (*Id.* at 11.)

Claim Three: "On or about July 21st, 2015, the Respondent Robert E. Payne fully and willfully ignored proper notices in which he was given (30) thirty days to respond by rebutting the claims therein (Complainant Affiant's Commercial Affidavit and Notice of Commercial Grace attached) of a crime taking place compounding the crimes, by (i.e. knowingly, willfully and intentionally neglecting to enforce the U.S. Constitution, laws, and treaties and denying the Complainant Affiant's lawful writ [of] habeas corpus)[.] Such actions caused a continuation of unlawful imprisonment. . . . By such actions displayed by the Respondent Robert E. Payne, U.S. Magistrate Judge Roderick C. Young and agents of the Virginia Attorney General's Office, a criminal conspiracy is established of sedition, treason, fraud, perjury of oath and deprivation of rights." (*Id.* at 11–12.)

---

[2] By Memorandum Opinion and Order entered on March 3, 2015, Judge Payne denied Supreme-El's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Supreme-El v. Dir., Dep't of Corr.*, No. 3:14CV52, 2015 WL 1138246, at *14 (E.D. Va. Mar. 3, 2015).

4

Supreme-El seeks $515,000.00 in state damages and $2,950,000.00 in federal damages. (*Id.* at 13.)

### III. ANALYSIS

It is both unnecessary and inappropriate to engage in an extended discussion of the utter lack of merit of Supreme-El's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). As discussed below, Supreme-El's claims are unsubstantial and frivolous for several reasons.

#### A.   Supreme-El's Claims Lack Merit

##### 1.   Claim One

In Claim One, Supreme-El contends that by "accepting and adopting U.S. Magistrate Judge Roderick C. Young's false statements in his Report and Recommendation as true [Judge Payne] conspired to deny the Complainant Affiant relief by not granting the writ of habeas corpus as required by law." (Compl. 10.) Although Supreme-El alleges that a conspiracy existed among Judge Payne and Magistrate Judge Young, Supreme-El has not stated any plausible claim of a conspiracy to deprive Supreme-El of his civil rights. Because Supreme-El's allegation of a conspiracy "amounts to no more than a legal conclusion, on its face it fails to assert a plausible claim." *Francis v. Giacomelli*, 588 F.3d 186, 197 (4th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Gooden v. Howard Cty., Md.*, 954 F.2d 960, 969–70 (4th Cir. 1992)). For this reason, Claim One will be dismissed.

5

### 2. Claims Two and Three

In Claim Two, Supreme-El alleges that Judge Payne has committed treason, perjury of oath, and felony misprision by not enforcing the Constitution, laws, and treaties. (Compl. 11.) In Claim Three, Supreme-El contends that Judge Payne intentionally neglected to enforce the Constitution, laws, and treaties when he denied Supreme-El's petition for a writ of habeas corpus and that by doing so, he entered into a "criminal conspiracy . . . of sedition, treason, fraud, perjury of oath and deprivation of rights" with Magistrate Judge Young and agents of the Virginia Attorney General's Office. (*Id.* at 11–12.) Supreme-El, however, as "a private citizen lacks a judicially cognizable interest in the [criminal] prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution."). For this reason, Claims One and Two will be dismissed.

### B. Judge Payne is Entitled to Judicial Immunity

To the extent that Supreme-El's Complaint is brought pursuant to 42 U.S.C. § 1983,[3] Judge Payne is entitled to judicial immunity. Judges are absolutely immune from suits under § 1983 for acts committed within their judicial discretion. *Stump v.*

---

[3] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

*Sparkman*, 435 U.S. 349, 355-56 (1978). "Absolute judicial immunity exists 'because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.'" *Lesane v. Spencer*, No. 3:09CV012, 2009 WL 4730716, at *2 (E.D. Va. Dec. 3, 2009) (citations omitted) (quoting *McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972) *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995)). Judges are entitled to immunity even if "the action he took was in error, was done maliciously, or was in excess of his authority . . . ." *Stump*, 435 U.S. at 356. Only two exceptions apply to judicial immunity: (1) nonjudicial actions, and (2) those actions "though judicial in nature, taken in complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (citation omitted). Because Supreme-El fails to allege facts suggesting that either exception applies in this instance, his claims against Judge Payne will be dismissed.

C. **Supreme-El's Action is Frivolous and Malicious**

Supreme-El has inundated the Court with several frivolous post-conviction petitions and complaints based on his perceived special status as a Moorish American. The Court previously has rejected as frivolous Supreme-El's claims based upon this perceived status. *See Supreme-El v. Comm. of Va.*, No. 3:14CV55, 2015 WL 6471182, at *5 (E.D. Va. Oct. 26, 2015); *Supreme-El v. Dir., Dep't of Corr.*, 3:14CV52, 2015 WL 1138246, at *1–25 (E.D. Va. Mar. 3, 2015). Having met with no success, Supreme-El has filed the instant action. However, the Court finds that Supreme-El fails to bring this action in good faith to vindicate his legal rights, but instead brings it maliciously to harass

7

the judge who has denied his previous actions. Accordingly, the Court also dismisses this action as malicious and frivolous. *See Cain v. Virginia*, 982 F. Supp. 1132, 1136–38 (E.D. Va. 1997) (citations omitted) (observing that where "the tone of [a prisoner] Plaintiff's allegations indicates that he is bringing his suit merely to satisfy his desire for vengeance against [those involved in securing his incarceration] and not to rectify any wrong done to him, then the suit is a MALICIOUS one" (quoting *Spencer v. Rhodes*, 656 F. Supp. 458, 363–64 (E.D.N.C. Mar. 19, 1987))).

## IV. OUTSTANDING MOTION

Supreme-El has filed a Motion for Supplemental Pleading Under Rule 15(d) of the Federal Rules of Civil Procedure ("Motion for Supplemental Pleading," ECF No. 6). Supreme-El seeks to file a supplemental pleading to clarify that "his claims against [Judge Payne] are criminal in nature." (Mem. Supp. Mot. Suppl. Pleading 2, ECF No. 7.) He indicates that he seeks relief "by criminal prosecution and fees for the sustained damages." (*Id.*) As the Court has already noted, however, Supreme-El has no right to institute a criminal prosecution. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990). Accordingly, Supreme-El's Motion for Supplemental Pleading (ECF No. 6) will be denied.

8

## V. CONCLUSION

For the foregoing reasons, Supreme-El's claims will be dismissed as frivolous. Supreme-El's Motion for Supplemental Pleading (ECF No. 6) will be denied. The action will be dismissed. The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: July 28, 2017
Richmond, Virginia

9